## CHARLES J. HEDWALL COMPANY v. SECURITY MORTGAGE COMPANY OF AMERICA.[1]

July 13, 1923.

No. 23,378.

**Insurance broker not liable for unearned premiums on policies canceled by defendant.**

The plaintiff was an insurance agent. The defendant financed automobile dealers by purchasing from them the notes and conditional sale contracts executed by purchasers. It was necessary for the defendant's protection that the autos be insured. An arrangement was made whereby the plaintiff furnished to the defendant policies signed in blank. An officer of the defendant was licensed as a broker. When autos were sold the insurance policies were issued and the insurance premiums were taken into account in the settlement between the dealer and the purchaser, and upon the transfer of the notes and sales contracts to the

[1] Reported in 194 N. W. 757.

defendant the premiums were deducted along with the agreed discount from the amount paid the dealer. The defendant retained an agreed portion of the premiums. This was the express agreement. When cancelations were made the defendant paid the unearned premiums and charged the plaintiff. This was the course of dealing. There was no express agreement. The insurance company became insolvent. The plaintiff declined to participate further in the cancelation of policies or to be liable for refunds. Subsequently the defendant canceled policies, paid the unearned premiums, and sought to charge the plaintiff therewith. It is *held* that there was no agreement implied in fact that the defendant might pay the unearned premiums and charge them against the plaintiff.

Action in the district court for Ramsey county to recover $1,-806.09 for money had and received. The case was tried before Haupt, J., who at the close of the testimony denied plaintiff's motion for a directed verdict, and a jury which returned a verdict in favor of defendant for $258.56. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed.

*Denegre, McDermott, Stearns & Weeks*, for appellant.
*Morphy, Bradford & Cummins*, for respondent.

DIBELL, J.

Action by the plaintiff to recover insurance premiums which the defendant received and which belonged to the plaintiff. The defendant counterclaimed for unearned premiums, which it had paid upon the cancelation of policies, in excess of premiums belonging to the plaintiff. There was a verdict for the defendant. The plaintiff appeals from the order denying its alternative motion for judgment or a new trial.

The plaintiff conducted an insurance agency at Minneapolis. The defendant did business at St. Paul. It financed dealers in automobiles, buying from them conditional sale contracts and notes; that is, conditional sale contracts and notes executed by the purchasers when they bought partially on credit. To protect itself the defendant required fire and theft insurance. The dealer, when he sold the auto, charged the premium to its customer, who paid that

much more either by way of cash or by note. The defendant when it bought the sale contract deducted from the face of it the agreed discount and the insurance premium which the dealer had included in his settlement with the purchaser. The defendant controlled the placing of the insurance. The plaintiff wanted the business. It was arranged by them in this way: The plaintiff received a commission of 40 per cent of the premiums from the Lion Bonding & Surety Company, the insurer, of which it was the writing agent. It was agreed between the plaintiff and the defendant that the latter should have as its share 35 per cent of the premiums upon the autos covered by its conditional sales contracts. The agreement was express. Policies signed in blank were delivered by the plaintiff to the defendant. The defendant filled them in as occasion arose. It retained 35 per cent of the premium, credited the plaintiff with 65 per cent, and remitted at stated intervals. That was the agreement and it worked satisfactorily. The Lion company was not a party to it. An officer of the defendant obtained from the commissioner of insurance a broker's license for which the plaintiff paid.

Cancelations of policies were made from time to time. The insured was then entitled to a return from the insurer of the unearned premium which was the difference between the total premium and the premium earned on the basis of short time rates. When a cancelation was made the defendant refunded to the insured the unearned premium, and charged the plaintiff with its proper proportion. There was no express agreement that this should be done when the original arrangement was made, nor later, but it was the convenient course of dealing. The controversy is over the unearned premiums which the defendant refunded, under the circumstances now to be stated, which it seeks to charge against the plaintiff.

In March, 1921, the Lion company was in financial straits, and insolvent, and ceased writing policies in Minnesota. The insurance commissioner required it to cease. The defendant was interested in a way in the policies on the autos, for they secured the conditional sale contracts in which it had invested. It procured a large number of policies to be canceled, and charged the plaintiff with them. The cancelations were made as of April 9, 1921.

On April 6, 1921, the plaintiff notified the defendant in writing that it was no longer agent for the Lion company and would not accept policies for cancelation. It is clear that from a date prior to April 9, 1921, as of which date the defendant canceled the policies, although they were not offered to the plaintiff until the June following, it was understood that the plaintiff refused cancelations and denied its liability for unearned premiums.

The court submitted to the jury as the decisive question whether there was an agreement between the plaintiff and the defendant that it should be liable for the unearned premiums refunded by the defendant upon cancelation. It correctly stated that there was no express agreement, and that if there was an agreement it was one implied in fact from the circumstances of the case; that is, an agreement resulting from the meeting of minds, a true contract, but circumstantially proved. Whether there was such an agreement is the heart of the controversy.

The controlling facts have been stated. A finding of an agreement to refund unearned premiums upon cancelations so late as April 9, 1921, is not sustained. An agent is not liable to the insured for a refund of unearned premiums upon cancelation. His company is. That is an obligation of the insurer. The defendant was interested in the maintenance of the policies, for they protected its sales contracts. The policies substantially insured the defendant. An agent, making refunds to its patrons from time to time, out of his own money, instead of sending them to the insurer, does not bind himself to make refunds ever afterwards. From such a course of dealing a contract to make refunds continuously, though the company becomes insolvent, cannot be inferred. Here, where the defendant had in accordance with its course of dealing with the plaintiff, accepted cancelations and made refunds, an agreement on the part of the plaintiff to reimburse the defendant for such refunds could be implied readily if not necessarily as a fact by a jury or other trier of facts from the circumstances; but not so as to future refunds, though made on outstanding policies, when the agent, the company insolvent and not doing business, notified the defendant that it was no longer agent, refused to participate in cancelations subsequently made, and denied responsibility for refunds.

The defendant cannot recover on its counterclaim.  The plaintiff should have judgment notwithstanding the verdict.  The total amount of premiums owing the plaintiff by the defendant was $1,492.49.  The unearned premiums which it paid upon cancelation exceeds this amount of premiums owing the plaintiff by $243.50.  The verdict was for $258.56, which represented the $243.50 and interest.  The judgment should be for the plaintiff for $1,492.49, with interest from April 1, 1921.

Order reversed.